NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LUIS VELIZ, | ) | Hon. Harold A. Ackerman |
| | ) | |
| Plaintiff, | ) | Civil Action No. 06-4363 (HAA) |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| AMERICORP BUILDERS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

Victor J. Horowitz, Esq.
1315 Stelton Road
Piscataway, New Jersey 08855
*Attorney for Plaintiff Luis Veliz*

George A. Prutting, Jr., Esq.
PRUTTING & LOMBARDI
701 South White Horse Pike
Audubon, New Jersey 08106
*Attorneys for Defendant Americorp Builders, Inc.*

**ACKERMAN, Senior District Judge:**

This matter comes before the Court on Defendant Americorp Builders, Inc.'s

("Americorp") motion for summary judgment (Docket No. 5) on the grounds of lack of personal

jurisdiction.  For the following reasons, Americorp's motion will be granted.

*Background*

In his Complaint, Plaintiff Luis Veliz, a resident of New Jersey, alleges that on August

26, 2005, he fell from the roof of a home construction site in Effort, Pennsylvania while working

for non-party subcontractor J.L. Bottone & Sons ("Bottone").  Americorp, the general contractor

on the site, hired Bottone as a subcontractor to assist in the framing of the house in Effort.

Bottone is a New Jersey corporation; Americorp is a Pennsylvania corporation that builds homes

only in Pennsylvania.  On September 15, 2006, Veliz filed his Complaint in this Court, alleging

that Americorp is responsible for the injuries he sustained in the August 26, 2005 fall from the

roof.  Americorp filed an Answer and raised the affirmative defense of personal jurisdiction.

Subsequently, Americorp filed the instant motion seeking to dismiss the case on the grounds that

this Court does not have personal jurisdiction over Americorp.

## *Analysis*

### I.       **Personal Jurisdiction**

"Jurisdictional objections to the court's power over the person are waived unless timely

asserted by motion or answer."  *Zelson v. Thomforde*, 412 F.2d 56, 58 (3d Cir. 1969); *see also*

Fed. R. Civ. P. 12(h)(1).  Americorp raised the affirmative defense of personal jurisdiction in its

Answer, thereby preserving it for the instant motion.  (Answer ¶ 10.)  Federal Rule of Civil

Procedure 56(b) provides that a defendant may move for summary judgment "at any time . . .

with or without supporting affidavits."  Fed. R. Civ. P. 56(b).

Pursuant to Federal Rule of Civil Procedure 4(e), federal district courts have personal

jurisdiction over non-resident defendants to the extent authorized under the law of the forum

state in which the district court sits.  *See Sunbelt Corp. v. Noble, Denton & Assocs, Inc.*, 5 F.3d

28, 31 (3d Cir. 1993); *A.V. Imps., Inc. v. Col de Fratta, S.p.A.*, 171 F. Supp. 2d 369, 370 (D.N.J.

2001).  New Jersey's long arm statute provides for personal jurisdiction as far as is permitted by the Fourteenth Amendment to the United States Constitution.  *See* N.J. Ct. R. 4:4-4; *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 145 (3d Cir. 1992) (citing *Charles Gendler & Co., Inc. v. Telecom Equip. Corp.*, 102 N.J. 460, 469 (1986)); *Decker v. Circus Circus Hotel*, 49 F. Supp. 2d 743, 745-46 (D.N.J. 1999).  The Fourteenth Amendment permits a state to exercise jurisdiction over an out-of-state defendant only where "the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (quoting *Hanson v . Denckla*, 357 U.S. 235, 253 (1958)).

To prove that the defendant has purposefully availed itself of that state, a plaintiff may rely upon a defendant's specific contacts with the forum state.  If the cause of action arises out of or is related to the defendant's contacts with the forum state, it is one of "specific jurisdiction." *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984); *Dollar Sav. Bank v. First Sec. Bank of Utah*, 746 F.2d 208, 211 (3d Cir. 1984).  A defendant's contacts with the forum must have been such that it would "reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980) (citations omitted).  To determine the sufficiency of the defendant's contacts, the court should consider the "relationship among the defendant, the forum and the litigation."  *Keeton v. Hustler*, 465 U.S. 770, 775 (1984).

Where the cause of action does not arise within the forum, the plaintiff bears the burden of proving that the non-resident defendant had "continuous and systematic" contacts with the forum so as to establish general jurisdiction.  *See Helicopteros*, 466 U.S. at 416; *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 438 (3d Cir. 1987).  The unilateral acts of

the plaintiff, however, will not amount to "continuous and systematic" contacts sufficient to

warrant minimum contacts.  *See Helicopteros*, 466 U.S. at 417; *see also Burger King*, 471 U.S. at

475 (quoting *Hanson*, 357 U.S. at 253).

The court must also determine that maintenance of the suit does not offend 'traditional

notions of fair play and substantial justice.'" *Calder v. Jones*, 465 U.S. 783 (1984) (quoting

*International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).  For personal jurisdiction to

comport with "fair play and substantial justice," it must be reasonable to require the defendant to

defend the suit in the forum state.  *World-Wide Volkswagen* , 444 U.S. at 292.  The following

factors bear upon reasonableness: the burden on the defendant; the forum state's interest in

adjudicating the dispute; the plaintiff's interest in obtaining convenient and effective relief; the

interstate judicial system's interest in obtaining the most efficient resolution of controversies; and

the shared interest of the several states in furthering substantive social policies.  *Id.*

The plaintiff bears the burden to prove that the defendant has purposefully availed itself

of the forum state.  *See Burke v. Quartey*, 969 F. Supp. 921, 924 (D.N.J. 1997).  Once personal

jurisdiction has been challenged, the plaintiff must come forward with actual proofs and not mere

allegations, *Patterson v. FBI*, 893 F.2d 595, 603-04 (3d Cir. 1990), which establish "with

reasonable particularity" the nature and extent of the defendant's contacts with the forum state,

*Gehling v. St. George's Sch. of Med., Ltd.*, 773 F.2d 539, 542 (3d Cir. 1985).  In evaluating a

motion to dismiss for lack of personal jurisdiction, the court "must accept all of the plaintiff's

allegations as true and construe disputed facts in favor of the plaintiff."  *Carteret Sav. Bank*, 954

F.2d at 142 n.1.

Veliz's Complaint asserts that Americorp "is a Pennsylvania corporation that does

continuous and substantial business in the State of New Jersey." (Compl. ¶ 5.)  This bald

assertion is unsupported by any affidavit or other evidence.  In his Brief in Opposition to the

instant motion, Veliz makes one, and only one, argument regarding this Court's in personam

jurisdiction: Americorp has "continuous and systematic contacts with New Jersey through their

[sic] maintenance of an Internet website ('www.americorphomes.com') (Exhibit B) sufficient to

support a finding of 'general jurisdiction.'"  (Veliz Br. in Opp. at 2.)

Veliz's reasoning is thin, but what little exists is obliterated by the simple fact that

americorphomes.com is not the website of Defendant Americorp.  Richard Costenbader, Vice

President of Defendant Americorp, attests in his supplemental affidavit that the website to which

Veliz refers is maintained by AmeriCorp Homes, a company founded in 1989.  (Costenbader

Supp. Aff. at ¶ 4.)  Costenbader's company, Defendant Americorp Builders, Inc., was

incorporated in 1990 and is not in any manner affiliated with AmeriCorp Homes.  (*Id*. at ¶ 5.)

Furthermore, Defendant Americorp does have an Internet site, americorpbuilders.com, but that

website is currently "under construction."  (*Id*. at ¶ 6.)  As such, Veliz's argument that the

Internet site is not passive, but instead can be used to actively transact business, is an argument

without any evidentiary support because Defendant Americorp's actual website contains none of

the same features as the website Veliz assumes belongs to Defendant Americorp.

Moreover, Veliz has provided nothing to rebut Costenbader's original affidavit, which

declares that Defendant Americorp builds only residential properties in Pennsylvania; does not

advertise its construction services in New Jersey; does not have any subsidiaries or offices in

New Jersey; does not own real estate in New Jersey; and does not maintain any bank accounts or

other holdings in New Jersey.  (Costenbader Aff. at ¶¶ 2-10.)

Finally, the only conceivable connection that Americorp has with New Jersey is that it hired the subcontractor Bottone, a New Jersey corporation for which Veliz worked. But any conceivable connection is belied by the unrefuted assertion in Costenbader's Supplemental Affidavit that "Mr. Bottone solicited business from Americorp by coming to our office in Pennsylvania to introduce himself and present his business card. We did decide to retain him for this particular job." (Costenbader Supp. Aff. at ¶ 7.)

Essentially, Veliz has presented no evidence on which this Court could even remotely base a legitimate finding of personal jurisdiction. The factors that bear upon whether exercising jurisdiction would comport with traditional notions of fair play and substantial justice weigh heavily in favor of not exercising such jurisdiction. *World-Wide Volkswagen*, 444 U.S. at 292. While New Jersey has an interest in ensuring an adequate forum for its residents, Pennsylvania's interest in this dispute is greater in that the injury actually occurred there. In addition, there is nothing to indicate that Veliz would not be able to obtain convenient and effective relief in Pennsylvania state or federal courts. For example, Veliz's cause of action accrued on August 26, 2005 and Pennsylvania has a two-year statute of limitations for personal injuries of this sort. *See* 42 Pa. Cons. Stat. Ann. § 5524; *Cella v. Togum Constructeur Ensembleier en Industrie Alimentaire*, 173 F.3d 909, 910-11 (3d Cir. 1999). Therefore, Veliz likely could file a complaint in Pennsylvania, where personal jurisdiction over Americorp would clearly be proper, and pursue his claim in that forum. In sum, a finding of personal jurisdiction in this case would be far afield of what the Fourteenth Amendment contemplates regarding due process. Therefore, the Court finds that it does not have jurisdiction over Defendant Americorp. Nevertheless, the Court still must address Veliz's request for limited discovery aimed at determining whether personal

jurisdiction exists.

## II.     Jurisdictional Discovery

Unless the claim of personal jurisdiction is clearly frivolous, discovery on the issue of

jurisdiction is generally allowed in order to aid the plaintiff in discharging its burden of

demonstrating contacts with the forum state sufficient to give the court personal jurisdiction.

*Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997) (stating

that "[o]ur rule is generally that jurisdictional discovery should be allowed unless the plaintiff's

claim is 'clearly frivolous'"); *see also Compagnie Des Bauxites De Guinee v. L'Union Atlantique*

*S.A. D'Assurances*, 723 F.2d 357, 362 (3d Cir. 1983).  In order to secure the ability to conduct

discovery before the district court dismisses for lack of personal jurisdiction, the plaintiff must

establish "with reasonable particularity sufficient contacts between the defendant and the forum

state."  *Mellon Bank (E) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992)

(quoting *Provident Nat'l Bank*, 819 F.2d at 437) (additional citation omitted); *see also Toys "R"*

*Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) ("If a plaintiff presents factual

allegations that suggest 'with reasonable particularity the possible existence of the requisite

contacts between [the party] and the forum state, the plaintiff's right to conduct jurisdictional

discovery should be sustained.").

In this case, discovery on the issue of jurisdiction is unwarranted because Veliz has not

established with reasonable particularity sufficient contacts between Americorp and New Jersey.

*See Ameripay, LLC v. Ameripay Payroll, Ltd.*, 334 F. Supp. 2d 629, 636 (D.N.J. 2004) (citing

*Toys "R" Us*, 318 F.3d at 457.).  Indeed, the only contact he has alleged is that of the

subcontractor for which he worked was a New Jersey corporation.  But, as discussed above, the

subcontractor sought out Americorp, not the other way around, and Veliz does not refute this

fact.

      Moreover, Veliz's unsupported allegation that Americorp "does continuous and

substantial business in the State of New Jersey" is emblematic of the clearly frivolous standard.

*See Mass. Sch. of Law at Andover, Inc.*, 107 F.3d at 1042 ("a mere unsupported allegation that

the defendant 'transacts business' in an area is 'clearly frivolous.'"); *see also In re Nazi Era*

*Cases Against German Defendants Litig.*, 320 F. Supp. 2d 204, 214-15, 235 (D.N.J. 2004)

(noting 'clearly frivolous' standard and ultimately dismissing for lack of personal jurisdiction

without granting discovery); *Reading v. Sandals Resorts Int'l, Ltd.*, No. 06-3511, 2007 WL

952031, at *4 (D.N.J. Mar. 28, 2007) (declining to grant jurisdictional discovery on clearly

frivolous grounds in personal injury action where injury occurred in Jamaica, defendant was a

resident of Iowa, and the only connection to New Jersey was plaintiff's residence); *Fritsch v. F/V*

*ANNA MARIE*, No. 05-3495, 2006 WL 995411, at *2 (D.N.J. Apr. 11, 2006) (declining to grant

jurisdictional discovery on clearly frivolous grounds in maritime personal injury case where

plaintiff's only allegation of contact with New Jersey was that defendant and vessel were once

owned by the same individual and because current vessel owner was subject to personal

jurisdiction, defendant should also be); *Garshman v. Universal Res. Holding, Inc.*, 641 F. Supp.

1359, 1364, 1366  (D.N.J. 1986) (denying jurisdictional discovery because claim was clearly

frivolous where defendant had never transacted business or owned property in New Jersey; did

not have an officer, agent or employee acting on its behalf here; and did not have an office, postal

address, telephone or other physical manifestation in the state).  Therefore, the Court finds that

jurisdictional discovery is not warranted because Plaintiff's jurisdictional claim is clearly

frivolous.


### *Conclusion & Order*

For the foregoing reasons, Defendant's motion for summary judgment (Docket No. 5) for

lack of personal jurisdiction is hereby GRANTED.  The case is dismissed with prejudice.  The

Clerk shall mark this case CLOSED.


Newark, New Jersey
Dated: June 14, 2007                                   /s/ Harold A. Ackerman
                                                                          U.S.D.J.